**In the Matter of David W. MEDBERRY.**

No. 96–551–M.P.

Supreme Court of Rhode Island.

Dec. 19, 1996.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

David W. Medberry, Pro Se.

## OPINION

PER CURIAM.

This matter is before the court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (Board) that the respondent, David W. Medberry, be disbarred from the practice of law. Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure provides in part:

"If the [Disciplinary] Board determines that a proceeding should be * * * concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record, and enter an appropriate order."

This disciplinary proceeding arises from respondent's neglect of legal matters entrusted to his care, his misappropriation of client funds, and his abandonment of both his law practice and his clients' interests. The disciplinary charges filed against respondent alleged that he had violated eleven of the Rules of Professional Conduct, which establish the minimum standards to which an attorney admitted to the practice of law in this jurisdiction must adhere.

The factual allegations that support a finding of misconduct on the part of respondent are summarized as follows.

## Rodenbaugh

Elaine Rodenbaugh retained the services of respondent to represent her interests in a personal-injury claim resulting from an automobile accident that occurred in February of 1992. The respondent negotiated a settlement of the claim with an insurance carrier in October of 1993. When the settlement was received, respondent withheld from the settlement proceeds due to Rodenbaugh the sum of $10,209.46 for payment of medical bills that she had incurred in treatment for her injuries. It was respondent's obligation to pay those medical bills promptly on her behalf. However, respondent did not make those payments and wrongfully converted those funds to his own use.

## Milford Federal Savings and Loan Association

The respondent acted as closing and settlement agent on behalf of Milford Federal Savings and Loan Association (Milford) for a number of residential real estate closings. Among respondent's duties to Milford was the procuring of a lender's policy of title insurance on its behalf and the proper execution of the documents necessary to close the real estate loans.

The respondent closed four loans on behalf of Milford in which he withheld the total amount of $2,799 for the purchase of title-insurance policies. The respondent failed to procure the requisite policies of title insurance on those loans and wrongfully converted those funds to his own use. Additionally, in three of those closings the promissory notes prepared by respondent were improperly executed. Milford's attempts to obtain corrected notes through respondent were in vain because he failed to communicate with his client.

## Bennett

In June of 1994 respondent-attorney recorded certain documents relating to a real estate transaction in the Recorder of Deeds Office of the City of Warwick, Rhode Island. Among the documents recorded was a deed to real estate for which a real estate transfer tax in the amount of $478.80 was due and payable. The deed was recorded when respondent-attorney tendered a check in the above-noted amount in payment of the tax. The check was dishonored when presented for payment because there were insufficient funds in respondent's account. Despite numerous attempts by the city of Warwick to obtain payment, respondent has not forwarded payment to the city for the tax due.

## St. Pierre

In January of 1995 George St. Pierre retained respondent to represent him before the United States Bankruptcy Court. St. Pierre paid respondent a fee in the amount of $1,400 for his anticipated representation. The respondent did not file any pleadings on St. Pierre's behalf in the Bankruptcy Court and failed to provide any representation to his client in the bankruptcy issue. Numerous telephone calls from the client seeking information about the status of his case went unreturned, and a request for a refund of the retainer fee was unheeded. The respondent provided no services for the fee paid and converted those funds for his own use.

## Bowman

Sadie Bowman paid respondent a retainer of $750 in February of 1995 to represent her interests in Probate Court proceedings relating to a contested will. The respondent initially provided some services to his client in March of 1995. However all communication from respondent to his client has since ceased, and she has been unable to obtain an accounting from respondent on the manner in which the retainer was expended or a refund of any unearned portion of that retainer.

## Frechette

In February of 1995 Claudette L. Frechette paid respondent a retainer fee in the amount of $500 to represent her interests in a domestic relations matter before the Family Court. The respondent provided no services to Frechette and failed to return any of her telephone calls requesting information regarding her case. He failed to return the retainer when requested to do so. He provided no legal representation and wrongfully converted her funds to his own use.

### Bristol Productions, Inc.

In March of 1994 respondent was retained by Bristol Productions, Inc. (Bristol), to represent the corporation in civil litigation. The respondent failed to follow his client's instructions regarding the litigation and informed the corporation that he had filed documents on behalf of the corporation when in fact he had not done so. All communication between respondent and the client ceased in May of 1995 despite the client's requests for information.

### Respondent's Abandonment of His Practice

In July of 1995 this court's chief disciplinary counsel was contacted by an individual who was the landlord of the commercial property in which respondent maintained his law office. The landlord provided information that respondent had abandoned the premises approximately three months previously, leaving behind what appeared to be client files. On July 28, 1995, with the permission of and accompanied by the landlord, disciplinary counsel entered the vacated office premises. Active client files containing confidential information were found abandoned on the premises. Additionally, piles of unopened mail were left behind, some of it relating to pending client cases. On petition by disciplinary counsel, this court appointed a special master to take possession of respondent's files to inventory them and to take the steps necessary to protect the clients' interests. *In the Matter of Medberry*, No. 95–429 M.P. (R.I., filed July 28, 1995). On September 7, 1995, respondent was voluntarily transferred to inactive status and has remained on inactive status to date.

A petition for disciplinary action was filed against respondent for his inappropriate representation of the clients as detailed above. The respondent was duly served with a copy of the petition. He did not file a responsive pleading. Rule 3.18(d) of the Rules of Procedure of the Disciplinary Board, as promulgated by this court, provides: "In the event that the respondent-attorney fails to file an answer, the charges shall be deemed ADMITTED." A hearing was scheduled before a panel of the disciplinary board on the formal charges on May 16, 1996. The respondent was duly served with proper notice of the hearing. He failed to appear to present any defense, factual or mitigating. In accordance with Rule 3.18(d) the Board determined that all the factual allegations were admitted, and that respondent had violated the rules as charged. It was the Board's recommendation that respondent be disbarred.

On October 7, 1996, the decision of the Board was forwarded to this court. An order was entered that day directing respondent to appear before the court on October 24, 1996 to show cause why he should not be disciplined. The respondent was personally served with that order on October 9, 1996. He failed to appear as ordered.

This court fully concurs with the recommendation of the Board. The respondent's disregard for the interests of his clients renders him unfit to practice law in this state. His wrongful conversion of client funds entrusted to his care is tantamount to embezzlement and warrants the imposition of the severest of sanctions.

Accordingly the respondent, David W. Medberry, is hereby disbarred from the practice of law.